# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   CRIMINAL NO. JKB-16-0086 |
| DONTAE SMALL, | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's MOTION FOR A NEW TRIAL (ECF No. 122). The Motion is DENIED.

Shortly after this trial began, during a recess, a juror advised a court clerk that she felt that an unidentified person or persons seated outside of the courtroom had watched her as she departed the jury room the previous evening and passed through a common vestibule enroute to the courthouse elevators. The juror appeared to be somewhat uncomfortable about this circumstance. A second juror joined the expression of concern, also in the jury room. One or both jurors noted that the person or persons who might have been watching them appeared to be holding a cell phone(s), although they did not perceive that the person or persons were attempting to capture their images or otherwise record them.

These circumstances were the subject of colloquy between the Court and counsel and the Court and the Courtroom Deputy Clerk, and a transcript of those interactions is attached to this Memorandum and Order.

When this first came to light, defense counsel made several requests. They asked that the Court specially voir dire the jurors who had spoken to the Clerk. Defense counsel also asked that

the jurors be excused and replaced by alternates. Finally, defense counsel requested that the Court conduct a more searching inquiry to determine whether these jurors had influenced others. After the Court declined to grant the relief requested, several days later, just after the jury had returned their guilty verdicts and been discharged, defense counsel renewed their request that the jurors be questioned. The Court again declined. Now the Defendant requests a new trial or at least that the Court bring the two jurors back and voir dire them during an evidentiary hearing.

A trial judge has the responsibility to insure that proceedings are fair, and that responsibility extends to insuring that there are no improper influences brought to bear on the jury. This is a critical responsibility. But in discharging it, the Court must be mindful of many competing interests. Stopping a trial to separately voir dire particular jurors about potential improper influence has its own potentially deleterious impact. Just that questioning process could plant in jurors' minds the notion that perhaps something untoward is afoot. The Court must use its good judgment before launching into such an inquiry and do so only upon solid evidence or a showing that there might truly be a problem. In this case, the totality of the information presented to the Court did not warrant the sort of inquiry the Defendant requested. And it still does not.

After the opening statements presented by counsel it was entirely predictable and reasonable that jurors may have felt some apprehension about sitting in the case. Their mere report that they felt that someone might have been watching them as they left the jury room, and that one or more of those watching may have possessed cell phones, is simply insufficient information to justify the sort of inquiry the Defendant requested. Had there been a more troubling report, such as a suggestion that a bystander may have been attempting to record video or audio, then a more searching inquiry might have been appropriate. But upon the minimal and

bare information submitted to the Court—apprehension about possible "watching"—further inquiry was not justified, particularly considering that any inquiry would carry its own costs to the process.

The Court's response to direct the Clerk to note the presence of Court Security Officers in the public sections in the courthouse, and their availability to any juror feeling any discomfort, was a sufficient response absent more problematic evidence. And, without explicit notice to the jurors, the record reflects that the Court took the additional step of insuring that in fact Court Security Officers were present and available to register and report any further expressions of concern or descriptions of incidents. The courtroom deputy clerk continued to be available to jurors at ever recess during many subsequent days of trial. Significantly, no other discomfort or concern was reported during the course of the trial.

Further, there is insufficient cause to summon the jurors back to Court at this time for a hearing. To grant the Defendant's request in that regard would be to improvidently intrude on the privacy of these two jurors and the sanctity of the deliberative process in which they engaged. There simply is not enough to this story to warrant that response.

Accordingly, the MOTION FOR A NEW TRIAL (ECF No. 122) and the request for further inquiry of the jurors is DENIED. A transcript of relevant portions of the proceeding is ATTACHED and made a part of the record.

DATED this 22nd day of November, 2017.

BY THE COURT:

/s/
James K. Bredar
Chief Judge