IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA, | * |  |
|  | * |  |
| v. | * | Crim. No. JKB-16-00086 |
| DONTAE SMALL, | * | Crim. No. JKB-16-00287 |
| Defendant. | * |  |
|  | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Before the Court are Dontae Small's Motion to Reduce Sentence, Motion for Compassionate Release, and Motion to Appoint Counsel. Mr. Small is currently serving a total sentence of 29 years. (JKB-16-287 ECF No. 97.) His arguments can be found in various documents across two dockets: JKB-16-287 ECF Nos. 106, 108, 109, 110, 111; JKB-16-86 ECF Nos. 192, 194, 197, 198. Because Mr. Small is pro se, the Court will liberally construe these filings and consider all of the arguments contained therein. Mr. Small appears to request sentence reductions under 18 U.S.C. § 3582(c)(1)(A) and § 3582(c)(2). It is not clear whether he requests counsel pursuant to a particular statute, but this Court has inherent discretion to appoint counsel "if the interest of justice so require." *See United States v. Kelly*, Crim. No. JKB-15-0647, 2023 WL 4373389, at \*2 (D. Md. July 6, 2023).

Under § 3582(c)(1)(A), a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons[1] warrant such a reduction" and the court has

---

[1] As explained below, the Court need not decide whether Mr. Small's health issues would be sufficiently extraordinary and compelling to warrant relief. However, the Court is concerned about his assertion that he has a painful and untreated hernia in his groin. (JKN-16-86 ECF No. 196-1 at 3–4.) Accordingly, the Court will direct the attorney for

1

"consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." Under § 3582(c)(2), if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" then the Court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." So, under either provision, relief is only appropriate to the extent such relief is consistent with the § 3553(a) factors.

Here, regardless of whether Mr. Small is eligible for any relief, the § 3553(a) factors still recommend a total sentence of 29 years and therefore Mr. Small's Motions will be denied. The § 3553(a) factors require the Court to impose "a sentence sufficient, but not greater than necessary," after considering, (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, provide just punishment, and protect the public, (3) applicable Sentencing Guidelines, (4) any pertinent policy statement issued by the Sentencing Commission, (5) the need to avoid unwarranted sentencing disparities, and (6) the need to provide restitution to any victims. At sentencing on May 1, 2018, the Court weighed these factors carefully and concluded that the sentence that was sufficient but not greater than necessary to serve their purposes was 29 years total incarceration. (*See generally* JKB-16-86 ECF No. 162.) For all the reasons stated on the record during sentencing, which the Court incorporates herein, that sentence remains sufficient but not greater than necessary today. (*See id.*)

Specifically, looking at Mr. Small's history and characteristics, he had, by the time of the relevant convictions, "lived a life of crime." (*Id.* at 65.) While Mr. Small's "chronic drug abuse,"

---

the Government to alert the relevant officials with the Bureau of Prisons of the situation so that, to the extent Mr. Small's representations about his health are accurate, the officials can take action as necessary and appropriate.

difficult childhood, and "intellectual functioning issues" are relevant to the inquiry, his lengthy criminal history "gets the most focus" in this case and warrants a significant sentence. (*See id.* at 65–66.) Turning to the nature and circumstances of the various offenses, the crime spree spanning the two cases was severe. The fraud scheme perpetuated by Mr. Small "involved deception and dishonesty and lying to the detriment of others" and yet was "overshadowed" by the severity of the conduct leading up to it. (*Id.* at 66.) In his carjacking/robbery spree and subsequent flight from the authorities, Mr. Small "inflict[ed] terror on other people" and caused "extreme, enduring, lasting harm" on his victims. (*Id.* at 66–67.) During his flight, he entirely ignored the safety and well-being of pedestrians and other drivers and caused a "massive disruption to the" functioning of the National Security Agency. (*Id.* at 67–68.) Mr. Small's choices, whether intended from the beginning or not, had a "very serious outcome." (*Id.* at 69.) "[T]he crimes were by definition serious" and "much of the seriousness [] was known to the defendant in advance and contemplated by him and he didn't care." (*Id.*)

Turning to deterrence, the Court concluded that, given Mr. Small's repeated and consistent involvement in criminal conduct, the "normal process of the criminal justice system" simply "doesn't work for Mr. Small," it had failed to "change the trajectory of his life." (*Id.*) Therefore, the need for deterrence was great because it was, and remains, clear that when Mr. Small is "not locked up, he commits crimes." (*Id.* at 70.) Further, Mr. Small "engaged in conduct that is of the sort that the public absolutely wants deterred and wants stopped," showing a great need for general deterrence. (*Id.* at 70–71.) Lastly, the Court concluded that Mr. Small is a "clear and present danger to the public." (*Id.* at 73.) And, the "grave danger" "created by his conduct" outweighed other factors. (*See id.*)

Nothing in Mr. Small's submissions undermines, refutes, or changes the Court's conclusions regarding the sentence that is sufficient but not greater than necessary for Mr. Small. A sentence totaling 29 years remains appropriate today, taking into account all of the § 3553(a) factors. Because counsel would not assist in the disposition of Mr. Small's Motions, it is not in the interests of justice to appoint counsel. Accordingly, all of Mr. Small's Motions will be denied. A separate Order will issue.

DATED this _____9_____ day of July, 2024.

BY THE COURT:

James K. Bredar
United States District Judge

4