IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| DONTAE SMALL, | * Crim. No. JKB-16-00086 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Before the Court is Donte Small's Motion for Reconsideration of this Court's July 9, 2024 Memorandum and Order Denying his Motion for Compassionate Release. (ECF No. 201.) In support of his Motion, Mr. Small contends (1) that his hernia constitutes an extraordinary and compelling justification for a sentence modification, (2) that his crimes were non-violent, (3) that his sentence is disproportionate when compared to the national average sentence for carjacking,[1] (4) that he has taken courses and otherwise rehabilitated himself,[2] and (5) that his criminal history category did not accurately reflect his past criminal activities. (*Id.* at 2, 10–15.) The Motion will be denied.

The Court previously concluded that even if extraordinary and compelling circumstances were present, the § 3553(a) factors do not counsel in favor of any reduction. (ECF No. 199 at 2.)

---

[1] Mr. Small was not only convicted of carjacking, he was convicted of conspiracy to commit carjacking, carjacking, destruction of government property, conspiracy to commit bank fraud, and aggravated identity theft. (ECF No. 143 at 5.)

[2] To the extent Mr. Small has worked to rehabilitate himself, the Court commends him and encourages him to continue. However, Mr. Small's representations on this point do not outweigh the remainder of the § 3553(a) factors or the rest of his history and characteristics as laid out in this Court's previous decision on this matter. (*See* ECF No. 199.)

Nothing Mr. Small has presented to the Court changes that conclusion. The Court disagrees with Mr. Small's contention that his crimes were non-violent; Mr. Small was convicted of carjacking. (*Id.* at 3.) Nor is Mr. Small's contention that much of his criminal history was from ten or more years before the offenses leading to this most recent conviction convincing, given the number of offenses occurring after 2005 (the offense conduct occurred in 2015). (*See* ECF No. 143 at 5, 27–33.)

Accordingly, Mr. Small's Motion for Reconsideration (ECF No. 201) is DENIED.

DATED this 21 day of August, 2024.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge